IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| KENNY FRANKLIN EDMUNSON ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case Nos. 05-3491-CV-S-RED |
| ) | |
| PAUL ORIN JOHNSON, et al. ) | |
| ) | |
| Defendants. ) | |

## ORDER

Now pending before the Court is Plaintiff's Motion for Leave to Proceed *in Forma Pauperis* (Doc. 1) and the accompanying Complaint and Civil Cover Sheet; Plaintiff's Affidavit of Financial Status (Doc. 2); Plaintiff's Application for Appointment of Counsel (Doc. 3); and an Amendment to Plaintiff's Complaint. Plaintiff seeks to bring a civil RICO suit, 18 U.S.C. § 1964(a), against sixty (60) named defendants for violations of his civil rights. Upon due consideration of the financial information provided in Plaintiff's affidavit the Court finds that Plaintiff's Motion for Leave to Proceed *in Forma Pauperis* (Doc. 1) is **GRANTED** pursuant to 28 U.S.C. § 1915(a)(1) for the limited purpose that the Court may consider the merits of the action. After having considered the Complaint, the Court finds that this action is due to be **DISMISSED without prejudice** because the Complaint fails to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Under 28 U.S.C. § 1915(a)(1), a pro-se plaintiff may request that the court authorize the commencement of an action without requiring the plaintiff to pay any fees, costs, or security. However, the opportunity to proceed *in forma pauperis* is not a right, but a privilege. *See Martin-Trigona v. Stewart*, 691 F.2d 856, 857 (8th Cir. 1982). Accordingly, leave to proceed *in forma*

*pauperis* is generally denied unless the applicant satisfies two separate requirements. *See id.* First, the applicant must be sufficiently impoverished so as to qualify by "economic status" pursuant to 28 U.S.C. § 1915(a). If the applicant qualifies by economic status, the court then determines whether the applicant's complaint is "frivolous or malicious," 28 U.S.C. § 1915(e)(2)(B)(I), fails to state a claim upon which relief may be granted, *id.* § 1915(e)(2)(B)(ii), or seeks monetary relief against a party immune from such damages, *id.* § 1915(e)(2)(B)(iii), and if so, dismisses the complaint.

Under Local Rule 83.7(a)(3), the proper standard for determining poverty is whether the applicant would be forced to give up the basic necessities of life if required to pay the costs of the lawsuit. The court is afforded sound discretion when determining whether a plaintiff is sufficiently impoverished. *See Cross v. Gen. Motors Corp.,* 721 F.2d 1152, 1157 (8th Cir. 1983).

Here, Plaintiff states that he is a 53-year-old man receiving approximately $700 a month in gross income. He lists his monthly expenditures as $350 for rent, $250 for groceries, $220 for utilities and $150 for personal items and clothing. Plaintiff further states that he has no cash on hand and owns no property. Although Plaintiff has not provided this information in the form desired by this Court, it does appear from Plaintiff's affidavit that Plaintiff's monthly expenditures exceed his monthly income. Accordingly, the Court finds that if Plaintiff were required to pay costs, he would have to give up the basic necessities of life as defined in the Code and Local Rule 83.7. Therefore, Plaintiff's Motion for Leave to Proceed *in Forma Pauperis* (Doc. 1) is **GRANTED.**

However, demonstrating poverty does not end the inquiry. Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss an action at any time if the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who

is immune from such relief. An action is held to be frivolous if "it lacks an arguable basis either in law or in fact." *Nietzke v. Williams*, 490 U.S. 319, 325, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989). "An action fails to state a claim upon which relief may be granted if it appears beyond reasonable doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Taylor v. United States*, No. 4:97CV2305, 1997 WL 1008226, at *1 (E.D. Mo. Dec. 18, 1997) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957); *Jackson Sawmill Co. v. United States*, 580 F.2d 302, 306 (8th Cir. 1978)). When reviewing a pro se complaint under 28 U.S.C. § 1915(e)(2)(B), the Court must give the complaint liberal construction and must weigh all well-pleaded factual allegations in favor of the plaintiff. *Martin-Trigona v. Stewart*, 691 F.2d 856, 858 (8th Cir. 1982); *J.J. Jones Co. v. Reagan*, No. 87-0167-CV-W-9, 1987 WL 10266, at *1 (W.D. Mo. Apr. 14, 1987).

Here, Plaintiff on his civil cover sheet alleges that this Court has jurisdiction based on a civil violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"). Prohibited activities under RICO are set forth in 18 U.S.C. § 1962. A definitive list of what constitutes the requisite "racketeering activity" is found in 18 U.S.C. § 1961.

Plaintiff's statement of claim prepared as an attachment and incorporated in Plaintiff's Complaint filed herein is a rambling statement which attempts to allege a conspiracy among all the Defendants for such activities as: conspiracy to falsely imprison Plaintiff, using the court system to violate Plaintiff's civil rights, a district court judge allowing the postal service to investigate or arrest for fraud, a district court judge violating Plaintiff's civil rights by sending Plaintiff to federal prison, perjured testimony before a grand jury, causing a report to be sent to the National Crime Information Center, causing Plaintiff to be seized (arrested?), a disbarred attorney misrepresenting the status of

his license and defrauding Plaintiff out of certain property, parties stealing computers and office equipment from Plaintiff after he was in prison, parties stealing real estate (foreclosure?) from Plaintiff, an assistant district attorney "closed motel" (foreclosure?) belonging to Plaintiff, parties filing false documents in court, newspaper reporter falsely reporting events in the newspaper, wrongfully signing charges against Plaintiff, policeman filing false documents in court concerning Plaintiff, towing company stealing Plaintiff's vehicle, bank wrongfully supplied information about Plaintiff to police, notary notarized a false document (deed?), and a general statement concerning almost all Defendants having had the power to aid Plaintiff and prevent the wrongful conduct experienced by Plaintiff but failed to do so. Giving Plaintiff's allegations liberal construction and giving Plaintiff the benefit of the doubt on these issues, it still appears clear that Plaintiff cannot state a viable RICO claim against these Defendants.

While it is difficult to be certain about Plaintiff's underlying issues, it appears clear that Plaintiff is complaining about a court procedure and imprisonment that has occurred at some time in Plaintiff's past. Plaintiff's allegations concerning the district judge allowing the postal service to investigate and arrest for fraud, false testimony before a grand jury, reports being sent to the National Crime Information Center, filing false documents in court, false police reports and the bank's provision of information to the police all would appear to be related to criminal procedure and likely the conviction and imprisonment about which Plaintiff has complained. In order for Plaintiff to recover damages for the alleged wrongful conviction and imprisonment or other wrongful activity related thereto, it would appear that the result would essentially render the conviction or sentence invalid. In the absence of any allegation that the complained of conviction or sentence has been invalidated in some manner, either by court order or executive order, it would

appear that Plaintiff's claim for civil damages herein is not and cannot be a viable claim. The Court considers this to be analogous to the discussion of similar claims under 42 U.S.C. § 1983 contained in the case *Heck v Humphrey,* 512 U.S. 477 (1994).

In addition, it also appears that Plaintiff has not alleged nor can he establish one of the critical elements of a RICO claim: the existence of an enterprise. *See Asa-Brandt, Inc. v. ADM Investor Services, Inc.,* 344 F.3d 738, 752 (8th Cir. 2003). Plaintiff's Complaint does not contain any allegations that lead the Court to believe that a RICO enterprise exists among the Defendants in any cognizable form. An enterprise is defined as a "a group of persons associated together for a common purpose of engaging in a course of conduct." *United States v. Turkett*, 452 U.S. 576, 583 (1986). In order to establish the existence of an enterprise the Plaintiff must show "evidence of an ongoing organization, formal or informal, and . . . evidence of the various associates functioning as a continuing unit." *Id.;United States v. Crenshaw*, 359 F.3d 977, 991 (8th Cir. 2004). An enterprise must also be an entity separate and apart from the pattern of racketeering activity in which it engages. *Heri Bouff Mannor, Inc. v. Reagen,* 713 F.Supp. 1535 (W.D. Mo. 1989). Plaintiff's general allegations of conspiracy among all the Defendants is not a sufficient allegation to support a claim that a RICO enterprise exists among the Defendants, particularly in light of the large number and extreme diversity among the named Defendants.

It may be that somewhere within the extensive allegations contained in Plaintiff's Complaint is a claim that Plaintiff could state against one or more of the Defendants individually, possibly in regard to some of the theft allegations. This decision to dismiss this Complaint is limited to the findings that this civil action is an improper procedure for Plaintiff to use to attack his prior conviction and imprisonment; that Plaintiff has not stated a RICO cause of action against these

Defendants; and that it appears to this Court beyond a reasonable doubt that Plaintiff would not be able to prove any set of facts in support of his RICO claim which would entitle him to relief. For these reasons, Plaintiff's Complaint herein is due to be **DISMISSED** without prejudice.

The Court also notes that of the sixty defendants charged in Plaintiff's Complaint, as amended, only four are alleged to be residing in this District. Even if Plaintiff had been able to allege a cause of action it is likely that venue would have been transferred to a district in Mississippi. *See* 28 U.S.C. § 1404(a) ("For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.")

It is hereby ordered that:

1. Plaintiff's Motion for Leave to Proceed *in Forma Pauperis* (Doc. 1) is hereby **GRANTED.** The Clerk is directed to file Plaintiff's Complaint without prepayment of the required filing fee.

2. Plaintiff's Complaint is **DISMISSED without prejudice** and Plaintiff's Motion for Appointment of Counsel (Doc. 3) is **DENIED as moot.**

3. The Clerk is further instructed to mail a copy of this Order, via first class mail, postage prepaid to:

>  Kenny Franklin Edmonson
>  1434 Julian Street
>  Laurel, Mississippi 39440

**IT IS SO ORDERED.**

DATE: February 8, 2006      */s/ Richard E. Dorr*
                            RICHARD E. DORR, JUDGE
                            UNITED STATES DISTRICT COURT